# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S.,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ASHLEY OLIVER III, et al.,<br><br>Defendants. | Case No.: 19cv746-JLS-LL<br><br>**ORDER GRANTING ENTRY OF PROTECTIVE ORDER WITH MODIFICATIONS**<br><br>**[ECF No. 9]** |

On July 8, 2019, the Parties filed a Joint Motion for entry of a Protective Order allowing Plaintiff to proceed anonymously. ECF No. 9. The "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings, and [Federal Rule of Civil Procedure] 10(a)'s command that the title of every complaint 'include the names of all the parties.'" Does I thru XXIII v. Adv. Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations omitted). Thus, in the Ninth Circuit, parties may use pseudonyms only in "the 'unusual case' when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." Id. at 1067-68 (internal quotation marks and ellipses omitted).

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing

party and the public's interest in knowing the party's identity." Id. at 1068. As the Ninth Circuit has held, "[i]n cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers" to "issue protective orders limiting disclosure of the party's name" and "to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." Id. at 1069.

Here, the Court finds Plaintiff's need for anonymity currently outweighs the public's interest in her identity and the potential for prejudice to Defendants. First, with regard to prejudice to the opposing party, Defendant jointly moved for entry of a Protective Order that would allow Plaintiff to proceed anonymously. See ECF No. 7. Thus, under the present circumstances, the Court identifies no prejudice to Defendant in allowing Plaintiff to proceed under a pseudonym. Second, the Court does not perceive any particular interest the public might have in knowing Plaintiff's identity. Finally, Plaintiff's interest in protecting her identity is compelling at this point. Other Districts have recognized that "social stigmatization" is among "the most compelling reasons for permitting anonymity." Roes 1-2 v. SFBSC Mgmt., LLC, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015). See also Doe v. George St. Photo & Video, LLC, 2016 U.S. Dist. LEXIS 83965, at *7 (N.D. Cal. June 28, 2016).

Accordingly, the Court **GRANTS** the Parties' Proposed Protective Order with the following modifications:

1. Paragraph IV should read: "Notwithstanding the foregoing, and without further order of the Court, all pleadings and other documents filed with the Court shall not include or shall redact Plaintiff's Identifying Characteristics, as defined in Section 1(B) of this Order. The responsibility for excluding or redacting Plaintiff's Identifying Characteristics rests solely with the Parties and their attorneys."

2. Paragraph V should read: "Any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to

materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may apply to the Court for a resolution of the dispute. Prior to applying to the Court for a resolution of the dispute, the parties will fully comply with the Chamber Rules of the assigned Magistrate Judge pertaining to Civil Discovery Disputes. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has otherwise been resolved."

**IT IS SO ORDERED.**

Dated: July 9, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge

3

19cv746-JLS-LL