UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S.,<br><br>                 Plaintiff,<br><br>v.<br><br>WILLIAM ASHLEY OLIVER III, et al.<br><br>                 Defendants. | Case No.: 19cv746-JLS-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRETRIAL DISCOVERY ON DEFENDANT'S CURRENT FINANCIAL CONDITION**<br><br>**[ECF No. 14]** |

      Currently before the Court is Plaintiff L.S.'s Motion to Compel Pretrial Discovery on Defendant's Current Financial Condition [ECF No. 14] ("Mot.") and Defendant William A. Oliver III's Opposition to Plaintiff's Motion [ECF No. 16] ("Opp."). For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel.

### **RELEVANT DISCOVERY BACKGROUND**

      The instant motion arises from: (1) Plaintiff's Requests for Production Nos. 11-13 and (2) Plaintiff's deposition of Defendant regarding Defendant's net worth.

      Plaintiff seeks to compel Defendant to produce information on Defendant's "current net worth." Mot. 6. Specifically, Plaintiff seeks documents responsive to Plaintiff's RFP

1

Nos. 11-13, which Plaintiff alleges "seek two to three years' worth of [D]efendant's financial information relevant to his net worth[.]" Id. at 4.

RFP No. 11 requests:

> Documents sufficient to determine Defendants' current financial condition, including but not limited to the following:
> a) Bank statements;
> b) Net worth statements;
> c) Investment account statements;
> d) Federal Tax Returns for the year 2017 through and including 2019;
> e) Income statements; and
> f) Balance sheets.

Id. at 14-15.

RFP No. 12 requests:

> With respect to any corporation, partnership, or other business entity in which Defendant presently holds, or previously held, a substantial financial interest during the period January 1, 2016 through the present, (including, without limitations, the entities known or doing business as Private Label Skin, Inc., and PrivateLabelSupplements.com):
> a) Documents sufficient to identify the entity;
> b) Balance Sheets for the period January 1, 2016 through the present;
> c) Income Statements for the period January 1, 2016 through the present;
> d) Federal Tax Returns for the years 2016 through the present;
> e) Profit and Loss Statements for the period January 1, 2016 through the present; and
> f) Statements of Cash Flow for the period January 1, 2016 through the present.

Id. at 15.

RFP No. 13 requests:

> With respect to any corporation, partnership, or other business entity in which Defendant sold or otherwise disposed of a substantial financial interest that he held in said entity during

the period January 1, 2016 through the present, either in whole or in part (including, without limitations, the entities known or doing business as Private Label Skin, Inc., and PrivateLabelSupplementals.com):
a) Documents sufficient to identify the entity;
b) All contracts or other agreements governing the terms of sale or disposition; and
c) Documents concerning or reflecting the proceeds to Defendant as the result of any such sale or disposition.

Id. at 16.

Defendant objected to each RFP on the grounds that it:

[I]nvades the right to privacy, seeks information that does not have a tendency to make a fact more or less probable than it would be without the evidence, otherwise seeks irrelevant information, is vague as to the term "substantial financial interest," invades the right to privacy, and is temporally overbroad.

Id. at 15-16.

Plaintiff also alleges during Plaintiff's August 14, 2019 deposition of Defendant, Defendant refused to answer "questions regarding his net worth and financial condition" citing his "right to privacy." Id. at 5. As a result, Plaintiff left Defendant's examination open and seeks to resume Defendant's deposition on these issues. Id. at 10.

## **LEGAL STANDARD**

Federal courts hearing diversity cases apply federal procedural law and state substantive law. Hanna v. Plumer, 380 U.S. 460, 465 (1965); Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any unprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ.

P. 26(b)(1). Per the Federal Rules, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection." Id. at 34(b)(2)(B).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, at *3 (S.D. Cal. May 14, 2009) (internal citations omitted). Thereafter, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Id. (internal citations omitted).

## ANALYSIS

I.  **Plaintiff's Request for Production Nos. 11-13**

   a.  **Timeliness of Plaintiff's Request**

Plaintiff argues the Court should compel responses to Plaintiff's RFP Nos. 11-13 because: (1) Plaintiff is not required to make a *prima facie* case on the issue of punitive damages prior to obtaining pretrial discovery on Defendant's net worth; (2) even if Plaintiff was required to make a *prima facie* case, she has made the requisite showing here; and (3) Defendant's privacy interests are adequately protected by the Protective Order in this case. Mot. at 7-10.

In his Response, Defendant argues the Could should either deny or defer Plaintiff's motion to compel because liability in this case "does not turn on Defendant's financial information." Opp. at 5. Instead, Defendant argues there are "unresolved legal and

4

evidentiary issues that preclude a determination at this stage that Plaintiff will prevail on the merits of her claims." Id. For these reasons, Defendant argues Plaintiff's motion should be denied or alternatively deferred pending a finding of liability.

The Court finds pretrial discovery of Plaintiff's net worth appropriate in this case. As Courts in this District have held:

> When a punitive damages claim is asserted, the majority of federal courts permit pretrial discovery of financial information without requiring the Plaintiff to establish a prima facie case on the issue of punitive damages. The Court notes that the requirement that Plaintiffs establish a prima facie case applies to the admissibility of evidence about financial status, not its discoverability. To require a prima facie showing of entitlement to punitive damages before the completion of discovery would be to ignore one purpose of discovery, to locate evidence to support a claim before trial. Additionally, knowledge of Defendant's net worth may be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation. Furthermore, to deny discovery of net worth until Plaintiffs can make a showing of a prima facie case at trial would only lead to delay and confusion while Plaintiffs digest the information.

Echostar Satellite LLC et al. v. Viewtech, Inc., No. 7cv1273-W (AJB), ECF No. 93 at 4-5 (July 11, 2009) (citations omitted); see also Toranto v. Jaffurs, No. 16cv1709-JAH (NLS), 2018 U.S. Dist. LEXIS 198050, at *9 (S.D. Cal. Nov. 20, 2018) (collecting cases).

To the extent Defendant's objections are based on his right to privacy, the Court finds Defendant's privacy concerns in this case are mitigated by the Parties' stipulated protective order [ECF No. 10]. See Toranto, 2018 U.S. Dist. LEXIS 198050, at *10 ("Courts have routinely found that such information can be adequately protected by the protective order."); Textron Fin. Corp. v. Gallegos, No. 15CV1678-LAB (DHB), 2016 U.S. Dist. LEXIS 100407, at *12-13 (S.D. Cal. Aug. 1, 2016) (finding a party's concerns about financial privacy can be addressed through an appropriate protective order).

///

Defendant cites to Brooks v. Motsenbocker Advanced Devs., Inc., No. 07cv773 BTM-NLS, 2008 U.S. Dist. LEXIS 46447, at *12 (S.D. Cal. June 13, 2008) in support of his argument that Plaintiff's Motion should be denied. Opp. at 3-4. Contrary to Defendant's representation however, the Brooks Court did not outright deny a plaintiff's request to compel responses to RFPs on a defendant's net worth. Instead, the Brooks Court found that while plaintiff was "entitled to discovery on [d]efendants' financial information," an "extensive production" would be inefficient before defendants' pending summary judgment motion had been ruled on. Brooks, 2008 U.S. Dist. LEXIS 46447, at *12-13. The Brooks Court held it was "unlikely that the parties will be able to seriously address settlement until the summary judgment motion [was] adjudicated[.]" Id. at *13. Given these facts, the Brooks Court therefore ordered defendants to respond to the RFPs on punitive damages within thirty days of the summary judgment ruling if punitive damages were still at issue. Id.

In this case however, there is no pending motion for summary judgment. Thus, the Court declines to apply Brooks to the instant case. Toranto, 2018 U.S. Dist. LEXIS 198050, at *10-11 (declining to apply Brooks to defer pretrial discovery on net worth where there was no pending motion for summary judgment "suggesting that the punitive damages issue may be decided.").

**b.     Scope of Plaintiff's Request**

The Court now turns to the scope of Plaintiff's RFPs. Plaintiff argues Plaintiff's RFPs Nos. 11-13 are "narrowly tailored to obtain information relevant only to defendant's current net worth." Mot. at 6. Specifically, Plaintiff argues RFP No. 11 requests documents "sufficient to determine Defendant's current financial condition" while RFP Nos. 12-13 seek "limited information concerning [D]efendant's business holdings necessary to verify his current net worth." Id.

Defendant argues that even if the Court orders the production of documents relating to Defendant's net worth, the production should be limited to balance sheets, statements of income and statements of cash flow in Defendant's possession from September 2017

6

through the present. Opp. at 8. Defendant argues that "[i]n no event should Defendant be compelled to produce records of non-party entities." Id.

As an initial matter, the Court notes that "[g]enerally, information about a defendant's past financial information is not relevant to the claim of punitive damages." Toranto, 2018 U.S. Dist. LEXIS 198050, at *11. Instead, Courts have typically held two years worth of financial information to be sufficient. Id.

Apart from this date restriction, the Court finds the types of documents Plaintiff has requested in RFPs Nos. 11-13 to be excessive. See EEOC v. Cal. Psychiatric Transitions, 258 F.R.D. 391, 395 (E.D. Cal. 2009) ("Plaintiff can obtain a picture of Defendant's financial condition adequately without all of the requested information."). The Court does not find any reason (and Plaintiff has not provided one) as to why the documents identified by Defendant would not provide a reliable indication of Defendant's current net worth, including Defendant's current assets and liabilities.

For these reasons, Defendant's Motion to Compel responses to RFP Nos. 11-13 is **GRANTED IN PART** and **DENIED IN PART**. Defendant is **ORDERED** to produce balance sheets, statements of income, and statements of cash flow from 2017 to 2019 by **October 7, 2019**. This financial information will be produced pursuant to the Protective Order in this case.

## II. Plaintiff's Request to Continue Defendant's Deposition

Plaintiff also requests that the Court enter an Order "permitting Plaintiff's counsel to resume its deposition of Defendant" to respond to Plaintiff's questions regarding Defendant's financial condition. Mot. at 10.

Defendant argues that "if Defendant is ordered to produce pretrial financial records" those documents "will necessarily contain all 'relevant' information about [Defendant's] net worth for purposes of punitive damages" making a continued deposition redundant. Opp. at 8. Defendant has also stated that to the extent necessary, it will "provide an affidavit attesting to the authenticity of the documents." Id.

The Court agrees with Defendant. Taking into account the document production

7

19cv746-JLS-LL

already ordered by the Court, the relevant excerpt of Defendant's deposition [Mot. at 44-47], and Defendant's proffer to provide an affidavit attesting to authenticity, the Court finds requiring Defendant to appear for a second deposition at this juncture to answer questions about his net worth would be duplicative of Defendant's document production and not proportional to the needs of this case. See Todd v. AT&T Corp., No. 16-cv-03357-HSG (MEJ), 2017 U.S. Dist. LEXIS 60000, at *7-8 (N.D. Cal. Apr. 19, 2017) (denying request for corporate representatives to appear for second deposition as redundant of document production and therefore not proportional).

For these reasons, Plaintiff's Motion to Compel Defendant to appear for a second deposition on Defendant's net worth is **DENIED.**

## CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Compel.

Specifically, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel responses to Plaintiff's RFPs Nos. 11-13. Defendant is **ORDERED** to produce balance sheets, statements of income, and statements of cash flow from 2017 to 2019 by **October 7, 2019**. This financial information will be produced pursuant to the Protective Order in this case.

The Court **DENIES** Plaintiff's Motion to Compel Defendant to appear for a second deposition on Defendant's net worth.

**IT IS SO ORDERED.**

Dated: October 1, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge

8

19cv746-JLS-LL